# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK ORLANDO JOHNSON,<br><br>          Plaintiff,<br><br>   v.<br><br>TORRES,<br><br>          Defendant. | Case No. 1:22-cv-01457-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS<br><br>(ECF Nos. 1, 9, 10)<br><br>**FOURTEEN (14) DAY DEADLINE** |

## I.     Background

Plaintiff Jack Orlando Johnson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On January 24, 2023, the Court screened Plaintiff's complaint and found that Plaintiff stated a cognizable claim against Defendant E. Torres for excessive force in violation of the Eighth Amendment for the incident on May 5, 2022, but failed to state any other cognizable claims for relief.  (ECF No. 9.)  The Court ordered Plaintiff to either file a first amended complaint or notify the Court of his willingness to proceed only on the cognizable claim identified by the Court.  (*Id.*)  On February 6, 2023, Plaintiff notified the Court of his willingness to proceed on the cognizable claim identified by the Court.  (ECF No. 10.)

## II.     Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C.

§ 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**A.     Allegations in Complaint**

Plaintiff is currently housed at California Substance Abuse and Treatment Facility ("SATF") in Corcoran, California where the events in the complaint are alleged to have occurred. Plaintiff names E. Torres, correctional officer, as the sole defendant.

Plaintiff claims excessive force in violation of the Eighth Amendment. On May 5, 2022, Plaintiff was pepper sprayed while lying on his stomach as ordered. Defendant intentionally sprayed Plaintiff while Plaintiff was prone out on the dayroom floor and while Plaintiff was complying with the officer's order when Defendant Torres sprayed Plaintiff in the back of the head. Plaintiff never refused to comply with getting down on the floor as ordered by Officer Crawford. The pepper spray was not conducted according to institutional policy. Defendant did not issue a warning before he peppered sprayed Plaintiff.

///

1    The spray felt like needles being injected into the back of his head and Plaintiff has a
2    burning sensation in the back of his head three or four times a day.
3    Inmate Ross assaulted Plaintiff.  Defendant falsified a Rules Violation Report which
4    caused Plaintiff to lose 90 days of credit.  The falsified Rules Violation Report was used to cover
5    up the unprovoked pepper spray of Plaintiff.  Each officer who responded to the incident wrote an
6    incident report, and Torres' report was the source of all of the officers' reports to coincide with
7    each other.
8    Plaintiff alleges that he continues to suffer humiliation and pain caused by Defendant.
9    Plaintiff asks for a declaration of rights and compensatory and punitive damages.  Plaintiff alleges
10   that he exhausted administrative remedies by an appeal at SATF.

**B.     Discussion**

Except as to the excessive force claim, Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8 and fails to state a cognizable claim under 42 U.S.C. § 1983.

**1.     Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*; *see also Twombly*, 550 U.S. at 556–57.

Although Plaintiff's complaint is short, it is not a plain statement of his claims, except as to the excessive force claim.

**2.     Eighth Amendment – Excessive Force**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  The unnecessary and wanton infliction of pain violates the Cruel and Unusual

3

Punishments Clause of the Eighth Amendment.  *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (citations omitted).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Hudson*, 503 U.S. at 7.  Relevant factors for this consideration include "the extent of injury . . . [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'"  *Id.* (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986)).  Although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident.  *Hudson*, 503 U.S. at 9–10; *Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002).

At the pleading stage, Plaintiff states a cognizable claim against Defendants E. Torres for excessive force in violation of the Eighth Amendment for the incident on May 5, 2022.  Plaintiff alleges he complied with orders, was prone, and was nonetheless sprayed with pepper spray.

### 3. Title 15 and Policy Violation

Plaintiff alleges that the use of the pepper spray violation policy.  To the extent that Defendant has not complied with applicable state statutes or prison regulations for failure to follow procedures, these deprivations do not support a claim under §1983.  Section 1983 only provides a cause of action for the deprivation of federally protected rights.  *See e.g.*, *Nible v. Fink*, 828 Fed. Appx. 463 (9th Cir. 2020) (violations of Title 15 of the California Code of Regulations do not create private right of action); *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right); *Prock v. Warden*, No. 1:13-cv-01572-MJS (PC), 2013 WL 5553349, at *11–12 (E.D. Cal. Oct. 8, 2013) (noting that several district courts have found no implied private right of action under title 15 and stating that "no § 1983 claim arises for [violations of title 15] even if they occurred."); *Parra v.*

4

*Hernandez*, No. 08cv0191-H (CAB), 2009 WL 3818376, at *3 (S.D. Cal. Nov. 13, 2009) (granting motion to dismiss prisoner's claims brought pursuant to Title 15 of the California Code of Regulations); *Chappell v. Newbarth*, No. 1:06-cv-01378-OWW-WMW (PC), 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of action under Title 15 of the California Code of Regulations); *Tirado v. Santiago*, No. 1:22-CV-00724 BAM PC, 2022 WL 4586294, at *5 (E.D. Cal. Sept. 29, 2022), report and recommendation adopted, No. 1:22-CV-00724 JLT BAM PC, 2022 WL 16748838 (E.D. Cal. Nov. 7, 2022) (same).

### 4.     Possible *Heck* Bar

Plaintiff may be seeking to invalidate the loss of good time credits. It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the *Heck* bar, this exception to section 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement-either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson*, 544 U.S. at 81*; Heck v. Humphrey*, 512 U.S. 477, 482, 486–87 (1994).

It is unclear if Plaintiff seeks invalidation of the "loss of good time credits" due to a possible RVR conviction. This particular claim may be barred by *Heck v. Humprey*, 512 U.S. 477 (1994). A judgment in favor of Plaintiff on his claim will necessarily imply the invalidity of the disciplinary action, and Plaintiff has not demonstrated that the disciplinary action has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *See e.g.*, *Cox v. Clark*, 321 Fed. Appx. 673, 676 (9th Cir. 2009) (affirming dismissal of due process claim to the extent that plaintiff sought restoration of good-time credits and the reversal of a disciplinary decision); *McCoy v. Spidle*, 2009 WL 1287872, *7–*8 (E.D. Cal. May 6, 2009) ("A challenge under section 1983, seeking only damages and declaratory relief for procedural due process violations is also barred if the nature of the challenge

5

would necessarily imply the invalidity of the deprivation of good-time credits.").

### 5. False Reports

Plaintiff alleges that Defendant Torres falsified reports regarding the incident.

The creation of false evidence, standing alone, is not actionable under § 1983. *See Hernandez v. Johnston*, 833 F.2d 1316, 1319 (9th Cir. 1987) (independent right to accurate prison record has not been recognized); *Johnson v. Felker*, No. 1:12–cv–02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a report does not give rise to a claim under section 1983.") (citations omitted). Moreover, "plaintiff cannot state a cognizable Eighth Amendment violation based on an allegation that defendant[ ] issued a false rule violation against plaintiff." *Jones v. Prater*, No. 2:10-cv-01381 JAM KJN P, 2012 WL 1979225, at *2 (E.D. Cal. Jun. 1, 2012); *see also Young v. Clark,* No. 1:22-CV-01219 JLT BAM PC, 2022 WL 17904542, at *6 (E.D. Cal. Dec. 23, 2022) (noting that issuance of false rules violation report does not rise to the level of cruel and unusual punishment) (citations omitted).

Accordingly, Plaintiff's complaint does not state a cognizable claim against Defendant Torres related to the creation of false reports.

### 6. Declaratory Relief

To the extent Plaintiff's complaint seeks a declaratory judgment, it is unnecessary. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." *Eccles v. Peoples Bank of Lakewood Village*, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985). If this action reaches trial and the jury returns a verdict in favor of Plaintiff, then that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

///

### III. Conclusion and Recommendation

Based on the above, the Court finds that Plaintiff's complaint states a cognizable claim against Defendant E. Torres for excessive force in violation of the Eighth Amendment for the incident on May 5, 2022. However, Plaintiff's complaint fails to state any other cognizable claims.

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's complaint, filed November 10, 2022, (ECF No. 1), against Defendant E. Torres for excessive force in violation of the Eighth Amendment; and

2. All other claims be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

* * *

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __February 7, 2023__          /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE